UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHASITY HUNTER,
        Plaintiff,

Civil No. 04-1091-HU

v.

ORDER

HOME DEPOT, U.S.A., INC., dba The Home Depot,
        Defendant.

HAGGERTY, Chief Judge:

Magistrate Judge Hubel issued an Amended Findings and Recommendation on April 14, 2006 [61] that renewed prior conclusions that defendant's Motion for Summary Judgment on all of plaintiff's claims [15] should be granted. This conclusion is in accord with a Findings and Recommendation [48] that the Magistrate Judge entered on February 17, 2006.

RECOMMENDATION AS TO MOTION TO AMEND RESPONSE

The Amended Findings and Recommendation was necessitated after plaintiff was permitted to withdraw certain factual admissions. The Amended Findings and Recommendation concluded that plaintiff's motion to amend her response to defendant's Concise Statement of Facts should be granted. No objections to this conclusion have been asserted.

1 -- ORDER

When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation of the Magistrate. *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974).

No clear error appears on the face of the record. This court adopts the portion of the Amended Findings and Recommendation that "[t]here is nothing in the record demonstrating that defendant would be prejudiced by plaintiff's withdrawal of her admission . . . [and] that it would be inequitable to penalize plaintiff for admitting a statement that defendant now acknowledges it made in error," so that plaintiff's motion [54] to amend her response to Defendant's Concise Statement of Facts should be granted. Amended Findings and Recommendation at 6.

RECOMMENDATION AS TO DEFENDANT'S SUMMARY JUDGMENT MOTION

The Amended Findings and Recommendation also concluded that "[u]pon consideration of the effect of these factual changes in the Findings and Recommendation, my resolution of Home Depot's motion for summary judgment (doc. # 15) remains the same." Amended Findings and Recommendation at 6.

Plaintiff filed objections [53] to the original Findings and Recommendation and, later, objections to the Amended Findings and Recommendation [62] regarding the conclusion that defendant is entitled to summary judgment. These objections are construed as timely.

When a party timely objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach.*, 656 F.2d 1309, 1313 (9th Cir. 1981). This court has carefully reviewed the objections and has performed that determination. For the following reasons, this court ADOPTS the Findings and Recommendation and the Amended Findings and Recommendation and grants defendant's Motion for Summary Judgment [15].

2 -- ORDER

1. BACKGROUND

The Findings and Recommendation and the Amended Findings and Recommendation provided a thorough recitation of the relevant facts, and this background need not be fully recounted here. Plaintiff Chastity Hunter (plaintiff) brought this action against her former employer, Home Depot, asserting five claims: disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *et seq.* (ADA) and Or. Rev. Stat. § 659A.112; violation of the Family Medical Leave Act, 29 U.S.C. § 2601-2654 (FMLA) and the Oregon Family Leave Act, Or. Rev. Stat. § 659A.150 *et seq.* (OFLA); and wrongful termination in retaliation for her exercise of rights based on her protected status as a disabled person.

The original Findings and Recommendation accepted the parties' erroneous statement of fact that plaintiff was a self-designated part-time employee when defendant reduced her work schedule to twenty hours per week. After recommending that plaintiff be allowed to withdraw her admission of defendant's erroneous statement, the Amended Findings and Recommendation identified seven references to this part-time status in the original Findings and Recommendation that should be "disregarded." Amended Findings and Recommendation at 5-6. Despite these seven redacted statements, the Amended Findings and Recommendation concluded again that defendant is entitled to summary judgment because – regardless of plaintiff's status as a full-time or part-time employee – none of the various reasons for plaintiff's requests for fluctuating work-schedules pertained to her disability or a need for medical leave. Amended Findings and Recommendation at 7.

///

2. ANALYSIS

After conducting a *de novo* review of the record, this court agrees and adopts the Findings and Recommendation and the Amended Findings and Recommendation. Plaintiff challenges the conclusions

3 -- ORDER

regarding defendant's summary judgment motion on grounds that defendant's prior schedules for plaintiff should be construed as efforts to accommodate plaintiff's disability. The Amended Findings and Recommendation concluded correctly that the formal designation of full-time or part-time status has little significance in determining whether there are issues of fact whether plaintiff's schedule requests sought reasonable accommodation for her disability and whether her October 6, 2003, doctor's note seeking a guarantee of a weekly schedule for thirty-two to thirty-four hours work was a medical necessity.

Despite plaintiff's recasting of these facts, there is no material dispute that her pursuit of fluctuating work-hours stemmed directly from her hopes of balancing her earned income to maximize the receipt of benefits from the Social Security Administration. These balancing efforts were sophisticated and understandable, and they underscore that the motivations regarding plaintiff's fluctuating work schedule concerned issues that the ADA does not require employers to accommodate. *See* 29 C.F.R. § 1630.9 (the scope of reasonable accommodation mandated by the ADA does not extend to modifications that are primarily personal benefits of the person with the disability). Defendant's previous attempts to assist plaintiff with her efforts to maximize both her earned income and Social Security benefits fail to establish an entitlement under the ADA or similar state statutes to guarantee her continued preferential treatment. *See Vande Zande v. Wisconsin Dep't of Admin.*, 44 F.3d 538, 545 (7th Cir. 1995).

This court has examined plaintiff's other arguments and the record in general. The Findings and Recommendation and Amended Findings and Recommendation concluded correctly that defendant is entitled to summary judgment on plaintiff's FMLA and OFLA claims. As recognized in the Findings and Recommendation, an employee may in some circumstances qualify for FMLA leave due to a reduced schedule, but that employee must first "be working a schedule which includes more hours than her need for leave will allow." Findings and Recommendation at 15; *see also Daoud v. Avamere Staffing, LLC*, 336 F. Supp. 2d 1129 (D. Or. 2004). There is no substantive factual dispute that plaintiff was not working

4 -- ORDER

more than thirty-four hours when she presented her doctor's note seeking a schedule of thirty-two to thirty-four hours per week.  The Findings and Recommendation concluded correctly that plaintiff's pursuit of a guarantee of additional hours as a departure from her past work history failed to present valid Leave Act claims.  Findings and Recommendation at 16 ("Since there is no evidence in the record that Ms. Hunter was working more than 34 hours per week at the time she submitted the doctor's notes, the doctor's request does not qualify as medical leave").

The Findings and Recommendation and Amended Findings and Recommendation also correctly recommended that defendant be granted summary judgment on plaintiff's retaliation claims.  The Findings and Recommendation referred to the proper definition of a *prima facie* case of retaliation:  an employee must show that 1) he or she has engaged in statutorily protected activity; 2) he or she has suffered an adverse employment action; and 3) there is a causal link between the protected expression and the adverse action.  Findings and Recommendation at 16, citing *EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 586 (9th Cir. 2000).  The Findings and Recommendation correctly determined that plaintiff's request for weekly work-schedules of thirty-two to thirty-four hours fails to qualify as "statutorily protected activity."  Findings and Recommendation at 18.  Moreover, plaintiff's allegations of specific retaliation (reducing hours, being disciplined for tardiness, and disparate treatment) fail to raise issues of material fact.  The record demonstrates that reductions in work-hours were implemented by store managers in the summer of 2003, before plaintiff presented her doctor's note, because of market issues.  The disciplining plaintiff received regarding her tardiness occurred a few weeks after she presented her doctor's note, but was initiated by a supervisor who was unaware of the doctor's note and who had already noted a need on plaintiff's part to be more prompt.  On March 30, 2003, plaintiff received a performance review from this supervisor that indicated that plaintiff "needs to monitor her attendance better by showing up to her scheduled shifts weekly."  Hosenpud Decl., Ex. 31.

5 -- ORDER

Defendant is also entitled to summary judgment on plaintiff's wrongful discharge claim, as the Findings and Recommendation and Amended Findings and Recommendation concluded. The Findings and Recommendation relied upon an accurate description of the elements for a constructive discharge claim. A plaintiff must show that: 1) the employer intentionally created or intentionally maintained specified working conditions 2) that were so intolerable a reasonable person in the employee's position would have resigned because of them, 3) the employer desired to cause the employee to leave employment as a result of those working conditions or knew that the employee was certain, or substantially certain, to leave; and 4) the employee left the employment as a result of those working conditions. Findings and Recommendation at 21-22, citing *McGanty v. Staudenraus*, 901 P.2d 841, 856-57 (Or. 1995). The Findings and Recommendation concluded that plaintiff was never terminated. Findings and Recommendation at 21. Moreover, the Findings and Recommendation concluded correctly that there is no issue of material fact suggesting that plaintiff's working conditions were intolerable, or that defendant hoped that she would quit. Plaintiff's disappointment in defendant's business decisions that led to altering its prior attempts to assist plaintiff in her efforts to maximize earnings and Social Security benefits fails to support a termination or constructive discharge claim.

///

///


CONCLUSION

For the reasons provided, this court adopts the portion of the Amended Findings and Recommendation that recommends that plaintiff's motion [54] to amend her response to Defendant's Concise Statement of Facts should be granted. Amended Findings and Recommendation at 6. Moreover, the remaining conclusions presented in the Findings and Recommendation [48] and the Amended

Findings and Recommendation [61] are also ADOPTED. Accordingly, defendant Home Depot's Motion for Summary Judgment on all of plaintiff's Chastity Hunter's claims [15] is GRANTED.

IT IS SO ORDERED.

Dated this   22   day of September, 2006.

                                                           /s/ Ancer L.Haggerty
                                                             Ancer L. Haggerty
                                                       United States District Judge